IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                          Case No. 4:16-cr-40015

JOHN STEVEN MCBRIDE                                                  DEFENDANT

## ORDER

Before the Court is Defendant John Steven McBride's Motion for Time Credit Served in Federal Custody. (ECF No. 29). The Court finds that no response is necessary and that this matter is ripe for consideration.

On March 31, 2017, the Court sentenced Defendant to ninety-two (92) months' imprisonment after he pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On September 12, 2019, Defendant filed the instant motion, asking the Court to correct the calculation for his time served in federal custody so that his sentence began running on May 11, 2016, rather than March 31, 2017. Defendant states that he has raised this issue with the Bureau of Prisons ("BOP").

The Court is unable to grant Defendant's requested relief. The BOP is the entity that determines when a federal sentence commences and whether a defendant should receive credit for time spent in custody. *See United States v. Iversen*, 90 F.3d 1340, 1344-45 (8th Cir. 1996). Administrative procedures exist within the BOP to review an alleged failure to credit the time a defendant has served. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). Once these administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit determination by filing a habeas petition under 28 U.S.C. § 2241. *Id.*; *United States v. Tinsdale*, 455 F.3d 885, 888 (8th Cir. 2006). A section 2241 petition challenging the BOP's

execution of a sentence must be filed "in either the district where [the petitioner] is confined, in the United States District Court for the District of Columbia, or any district in which the BOP maintains a regional office." *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000).

Giving Defendant the benefit of the doubt that he did indeed exhaust his administrative remedies, the Western District of Arkansas is the incorrect venue to make this request. The envelope in which Defendant mailed his motion indicates that he is currently incarcerated in FCI Pollock, in Pollock, Louisiana. Moreover, the BOP does not maintain a regional office within the Western District of Arkansas.[1] Therefore, the Western District of Arkansas, Texarkana Division, is not the district in which Defendant is confined, a district where a regional BOP office is located, or the United States District Court for the District of Columbia. Accordingly, the Court cannot grant the relief Defendant seeks.

For the above-stated reasons, the Court finds that Defendant's motion (ECF No. 29) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 20th day of September, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] The BOP maintains six regional offices, located in Philadelphia, Pennsylvania; Annapolis Junction, Maryland; Kansas City, Kansas; Atlanta, Georgia; Grand Prairie, Texas; and Stockton, California. *See* Federal Bureau of Prisons, *Offices*, https://www.bop.gov/about/facilities/offices.jsp (last accessed September 17, 2019).