IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                        Case No. 4:16-cr-40015

JOHN STEVEN MCBRIDE                                                                         DEFENDANT

## **ORDER**

Before the Court is Defendant's Motion for Clarification of the Length of Sentence. ECF No. 31. The Court finds that no response is necessary and that the matter is ripe for consideration.

On March 31, 2017, the Court sentenced Defendant to ninety-two (92) months' imprisonment after he pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 27. On May 25, 2022, Defendant filed the instant motion, asking the Court to correct the calculation for his time served in federal custody so that his sentence began running on May 11, 2016, rather than March 31, 2017. Defendant states that he attempted to seek redress through the Bureau of Prisons' ("BOP") Administrative Remedies process beginning on November 5, 2018, but has not received a final determination as of the date of the instant motion. Defendant asks the Court to issue an order to clarify and amend the sentence, or alternatively, to recommend to the BOP that it grant Defendant's administrative request to have his sentence computation be amended.

The Court cannot grant the requested relief. Once an inmate's administrative remedies with the BOP regarding the computation of his sentence are exhausted, the inmate may then seek judicial review of any jail-time credit determination by filing a habeas petition under 28 U.S.C. § 2241. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *United States v. Tinsdale*, 455 F.3d 885, 888 (8th Cir. 2006). A section 2241 petition challenging the BOP's execution of a

sentence must be filed "in either the district where [Defendant] is confined, in the United States District Court for the District of Columbia, or any district in which the BOP maintains a regional office." *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000). The return address for the instant motion indicates that Defendant is currently incarcerated in FCI Pollock, in Pollock, Louisiana. The BOP does not maintain a regional office within the Western District of Arkansas.[1] Therefore, taking as true Defendant's assertions regarding the exhaustion of his administrative remedies and this court's power to send a recommendation to the BOP, Defendant's request nevertheless cannot be filed in this district. Defendant's request needs to be in the form of a 28 U.S.C. § 2241 filed in the Western District of Louisiana, the United States District Court for the District of Columbia, or a district in which there is a BOP regional office. *Chappel*, 208 F.3d at 1069.

Accordingly, the Court finds that Defendant's motion (ECF No. 31) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 22nd day of August, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] The BOP maintains six regional offices, located in Philadelphia, Pennsylvania; Annapolis Junction, Maryland; Kansas City, Kansas; Atlanta, Georgia; Grand Prairie, Texas; and Stockton, California. See Federal Bureau of Prisons, Offices, https://www.bop.gov/about/facilities/offices.jsp (last accessed August 19, 2022).